UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CHARLES LEE RICHARDS, JR.,<br><br>           Plaintiff,<br><br><br>     vs.<br><br>KEVIN THOM, Sheriff at Pennington County, individual and official capacity; COMMANDER MR. YANTIS, Commander at Pennington County Jail, individual and official capacity,<br><br>           Defendants. | 5:22-CV-05031-KES<br><br><br>1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiff, Charles Lee Richards, Jr., an inmate at the Pennington County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Richards leave to proceed in forma pauperis and ordered him to pay an initial filing fee. Docket 5. In that order, this court directed the institution having custody of Richards to forward monthly payments until the $402 filing fee is paid in full. *Id.* at 3. Under the District Court Miscellaneous Fee Schedule issued in accordance with 28 U.S.C. § 1914, the $52 administrative portion of this fee does not apply to persons granted in forma pauperis status. *See* District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited May 26, 2022). Richards' full filing fee is $350.

Richards timely paid his initial filing fee on April 28, 2022.[1] This court will now screen Richards' complaint under 28 U.S.C. § 1915A.

## I.      1915A Screening

### A.      Factual Background

The facts alleged in Richards' complaint are: that Pennington County Jail medical staff administered the wrong medication to Richards on April 19, 2021. Docket 1 at 4. Richards claims that his feet swelled because of the medication, and he was unable to walk. *Id.* He claims that he ran into a concrete wall, "putting a lump on [his] head the size of a goose egg." *Id.* Richards alleges that he was placed in a holding cell for five hours by jail staff while he was crying for help. *Id.* He alleges that medical staff eventually called an ambulance. *Id.* Richards states that he woke up two days later in Monument Health Rapid City Hospital, unaware of who he was or where he was. *See id.* He states that his doctor told him that jail medical staff gave him the wrong medication. *Id.* He also states that this medication could have killed him. *Id.*

Richards brings claims for medical malpractice and inadequate medical care against Sheriff Kevin Thom and Commander Mr. Yantis in their individual

---

[1] Richards only paid $29.00 of his $29.56 initial partial filing fee. The deadline to pay his filing fee was May 2, 2022. Docket 5 at 2. Richards wrote this court a letter shortly after the deadline in which he claimed that his mother, who made the payment, was told by the Clerk of Court the fee was $29.00. Docket 7 at 1. Richards also claimed that he did not realize this mistake until after the May 2, 2022, deadline. *Id.* Because Richards has substantially paid his initial partial filing fee, this court will treat the fee as timely paid and screen his complaint.

and official capacities. *Id.* at 2, 4. He seeks money damages for his pain and suffering. *Id.* at 7.

### B.    Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A,

3

the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### C.    Legal Analysis

#### 1.    Official Capacity Claims

Richards brings claims against Thom and Yantis in their official capacities. Docket 1 at 2. Thom and Yantis were employees of the Pennington County' Sheriff Office and the Pennington County Jail at the time of the incident in question. *See id.* "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Richards' official capacity claims against Thom and Yantis are equivalent to claims against Pennington County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official

'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Richards fails to allege facts that support the existence of an unconstitutional policy or custom. Although he claims that Pennington County Jail medical staff provided him with the wrong medication and caused him harm, he makes no claims that this mistake was caused by a Pennington County Sheriff Office or Pennington County Jail policy or custom. *See* Docket 1

5

at 4. Richards only seeks money damages. Thus, his claims against Thom and Yantis in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### 2.    Individual Capacity Claims

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Richards' individual capacity claims must allege that each individual defendant either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor.

### a.    Inadequate Medical Care Claim

Richards brings claims against Thom and Yantis in their individual capacities for failure to provide medical care. Docket 1 at 2, 4. Construing his complaint liberally, he brings a claim for deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. *See id.* at 4.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg*

*v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice, nor will mere disagreement with treatment decisions. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman*, 114 F.3d at 784 (citation and internal quotation omitted). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from

7

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Richards fails to allege facts sufficient to state a claim for deliberate indifference to serious medical needs. The harm alleged by Richards was a serious medical need. *See* Docket 1 at 4. But Richards makes no showing that Thom or Yantis were deliberately indifferent. *See id.* Richards was taken to the hospital the day of the incident, where he was treated for a reaction to the medication that he had been provided. *Id.* At most, he alleges that jail officials were negligent in providing him the wrong medication, which is not a constitutional violation under *Jolly. See id.*; *see also Jolly*, 205 F.3d at 1096. Further, Richards makes no allegations that Thom or Yantis either participated in the allegedly unconstitutional conduct or caused the conduct to occur through a failure to train or supervise as required by *Parrish. See* Docket 1 at 4; *see also Parrish*, 594 F.3d at 1001. Thus, Richards' Eighth Amendment deliberate indifference to serious medical needs claim against Thom and Yantis in their individual capacities is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### b.     State-Law Medical Malpractice Claim

Richards alleges that Thom and Yantis engaged in "medical malpractice[.]" Docket 1 at 2. Construing his complaint liberally, Richards brings a state-law medical malpractice claim against Thom and Yantis. Under 28 U.S.C. § 1367(a), this court shall have supplemental jurisdiction over all

other claims that "form part of the same case or controversy" as the civil action over which this court has original jurisdiction. But the court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Thus, because all of Richards' federal-law claims have been dismissed, this court declines to exercise supplemental jurisdiction over his state-law claim. Richards' state-law medical malpractice claim against Thom and Yantis is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### D.    Strike Under 28 U.S.C. § 1915(g)

The court finds that Richards' complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Richards' complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1.    That Richards' filing fee, to be paid monthly as per this court's instructions in its order granting Richards' motion to for leave to proceed in forma pauperis, is $350.

2.      That Richards' complaint (Docket 1) is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3.      That this action constitutes a strike against Richards for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

4.      That judgment is entered in favor of Kevin Thom and Commander Mr. Yantis and against Richards.

Dated June 1, 2022.

                         BY THE COURT:

                         /s/ *Karen E. Schreier*
                         KAREN E. SCHREIER
                         UNITED STATES DISTRICT JUDGE